# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ADAM DELGADO,

        Appellant,

        v.

DEPARTMENT OF JUSTICE,

        Agency.

DOCKET NUMBER
NY-1221-09-0299-X-1

DATE: May 26, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam Delgado, Fort Meade, Maryland, pro se.

Katherine Meng, Esquire, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant is seeking enforcement of a settlement agreement that he and the Bureau of Alcohol, Tobacco, Firearms, and Explosives (agency) entered into in resolution of his whistleblower individual right of action appeal. *Delgado v. Department of Justice*, MSPB Docket No. NY-1221-09-0299-C-1, Compliance

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

File (CF), Tab 1.  In a compliance initial decision issued February 13, 2017, the administrative judge found the agency partially noncompliant with the settlement agreement.  CF, Tab 10, Compliance Initial Decision (CID).  For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2    In the compliance initial decision, the administrative judge found that the agency had complied with the settlement agreement's requirements to reinstate the appellant, cancel his resignation, and return him to duty in the Chicago field office.  CID at 3.  However, the administrative judge found that the agency had not established that it had complied with the settlement agreement's requirement that it pay the employer and employee portions of the appellant's retirement contributions for the period from April 4, 2006, through July 16, 2011.  *Id.* at 7.  Therefore, the administrative judge ordered the agency to have the National Finance Center (NFC) explain its computations regarding the appellant's share and the agency's share of the Federal Employee Retirement System (FERS) retirement contributions for the period from April 4, 2006, through July 16, 2011; have NFC make the necessary adjustments, if any; and submit a clear explanation of NFC's computations.  *Id.* at 7.

¶3    The administrative judge informed the agency that, if it decided to take the actions ordered in the compliance initial decision, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance.  CID at 7-8.  In addition, she informed both parties that they could file a petition for review of the compliance initial decision if they disagreed with the findings therein.  CID at 8-9.  Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114.  As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the

Board for a final decision on issues of compliance. *Delgado v. Department of Justice*, MSPB Docket No. NY-1221-09-0299-X-1, Compliance Referral File (CRF), Tab 2.

¶4   The agency submitted a statement of compliance on July 19, 2017. CRF, Tab 10. The agency stated that, in the process of gathering the information needed by NFC to determine the correct amounts of retirement contributions, the agency discovered that the salary rates for Puerto Rico originally had been used for the period between 2006 to 2011, rather than the higher rates for Chicago, which should have been used pursuant to the settlement agreement. *Id.* at 12, 39. Therefore, the agency included the Chicago salary rates in the information it sent to NFC following the issuance of the CID. *Id.* at 12.

¶5   NFC provided a spreadsheet setting out the figures it used for its calculations, which were based on the Chicago pay rates. *Id.* at 13; *see* CRF, Tab 11 at 15-18. The total adjusted employee contribution, which NFC computed by adding together the yearly amounts, was calculated at $7,326.35. CRF, Tab 10 at 13, n.15. NFC calculated the total agency contribution by adding the "GOV FERS Retirement Shares" contribution for each pay period for each of the years (2006 to 2011) to derive the yearly total. CRF, Tab 10 at 14. *See* CRF, Tab 11 at 9, 15-18. These calculations resulted in a total adjusted Agency contribution of $139,341.22 ($16,760.16 more than the agency's original payment of $122,581.06). CRF, Tab 10 at 14, n.18. The agency submitted screen captures indicating adjustments made in pay periods 7, 8, and 9 in 2017. CRF, Tab 11 at 22-24.

¶6   The agency reported that it had requested that NFC make necessary adjustments required by the change in the appellant's duty station from Puerto Rico to Chicago, and that, while most of the adjustments were made, there was an outstanding adjustment in the amount of $6,040.18, which the agency was in the process of reconciling with NFC. CRF, Tab 10 at 15. This adjustment was due to

the difference in the locality pay rates between Puerto Rico and Chicago. *Id.* at 15-16.

¶7    The appellant responded to the agency's proof of compliance on September 4, 2017, arguing that the agency had not complied with its obligation to work with NFC to make the necessary retirement contributions until recently. CRF, Tab 14 at 4. Because of this delay, the appellant argued that the agency should be held liable for back wages, other benefits, legal fees, and various other relocation and transportation costs. *Id.* at 4-5. The appellant further argued that the agency could not provide proof that the contributions were made; therefore, he assumed they had not been made. *Id.* at 6. The appellant also attached copies of earnings statements from his time in Puerto Rico, and disputed the agency's conclusion that the settlement agreement required payment under the Chicago locality pay rate. *Id.* at 7; *see id.* at 16-58. Finally, the appellant requested that the agency be directed to appoint him to a GS-14 position at its headquarters in Washington, D.C., because his wife had accepted a new job in Maryland. *Id.* at 9-10.

¶8    The appellant submitted an additional statement on February 17, 2018, which included a draft global settlement proposal. CRF, Tab 15.

¶9    The agency submitted additional evidence of compliance on April 12, 2018. CRF, Tab 16. The agency stated that the previously-outstanding adjustment of $6,040.18 to the agency's share of retirement contributions was made, resulting in a total paid agency share of $139,341.22. *Id.* at 7, 9-10. The appellant did not respond to the agency's submission.

¶10    The Board issued an order on July 19, 2018, directing the appellant to respond to the agency's submissions within 20 calendar days. CRF, Tab 17. In response, the appellant submitted a statement on July 21, 2018, which argued that the agency had not provided adequate proof that the adjustments to the employer's retirement contributions had actually been made. CRF, Tab 18. The appellant argued that the agency should have provided "independent"

confirmation that the payments were made, preferably from the Office of Personnel Management (OPM). *Id.* at 6. He further requested that original and certified copies of NFC's documents be mailed to him, the agency, and the MSPB to establish that the payments had been made. *Id.* at 6-7. The appellant also continued to argue, without support—and to his detriment—that the pay rates should have been calculated using the lower Puerto Rico locality rate, rather than Chicago. *Id.* at 5.

¶11 On November 8, 2020, the appellant submitted a motion for a status update and summary judgment. CRF, Tab 19. In that motion, he argued that the agency had not provided "definitive proof" that it made the required retirement contributions. *Id.* at 4. He also argued that he did not receive the full amount of attorney fees that he paid, and stated that he had recently prevailed in two other whistleblowing appeals in the Court of Appeals for the Seventh Circuit. *Id.*

¶12 The agency has submitted evidence that it has made retirement contributions in the amounts of $139,341.22 for the agency share, and $7,326.35 for the employee share. The appellant has not provided any specific objection to the amounts of the contributions. Rather, he has argued that the agency needs to provide additional proof that it has made the contributions.

¶13 We reject the appellant's assertion that independent corroboration from OPM is necessary to establish compliance in this matter. Rather, we find that the affidavits, screen captures, and spreadsheets submitted by the agency constitute sufficient proof that it has complied with the administrative judge's order directing it to have the NFC explain its computations regarding the FERS contributions for the period from April 4, 2006, through July 16, 2011, and have NFC make the necessary adjustments.

¶14 We further reject the appellant's contentions that the agency should be required to pay him back wages, benefits, legal fees, and relocation and transportation costs, and to appoint him to a GS-14 position at its Washington, D.C. headquarters. None of these requirements are found in the settlement

agreement. Accordingly, they are outside the scope of this enforcement action, which is limited to enforcing the terms of the settlement agreement.

¶15    For the reasons above, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. <span style="color:blue">5 U.S.C. § 7703</span>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____, 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. [3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                                    Jennifer Everling
                                                    Acting Clerk of the Board
Washington, D.C.